UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREL SPIKES,<br><br>                 Plaintiff,<br><br>v.<br><br>TERRENCE WILLIAM MANN TRUSTEE OF THE TERRENCE WILLIAM MANN TRUST AND TRUSTEE OF THE MANN FAMILY TRUST 3-13-04; THE DANK HOUSE, a business entity whose form is unknown; and DOES 1 through 10, inclusive,<br><br>                 Defendants. | Case No.: 19-CV-633 JLS (RBB)<br><br>**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT**<br><br>(ECF No. 11) |

     Presently before the Court is Plaintiff Karel Spikes' Application for Default Judgment Against Defendant Terrence William Mann ("Mot.," ECF No. 11). The Court took the matter under submission without oral argument pursuant to Civil Local Rule 7.1(d)(1). *See* ECF No. 12. Having carefully reviewed Plaintiff's Motion, Complaint, and supporting evidence and having weighed the relevant factors, the Court **GRANTS** Plaintiff's Motion (ECF No. 11).

/ / /

/ / /

# BACKGROUND

## I. Plaintiff's Allegations

Plaintiff has a mobility impairment and therefore uses a wheelchair. ECF No. 1 ("Compl.") ¶ 12. He also uses marijuana. *Id.* Although he previously used marijuana medicinally with a medical authorization card, he no longer uses his medical authorization card due to the legalization of recreational marijuana in California. *Id.* Because of his marijuana use, Plaintiff also purchases other retail products related to marijuana use. *Id.*

On April 1, 2019, Plaintiff visited a dispensary he lived near, Defendant The Dank House, located at 1238 Oro Street, El Cajon, California 92020, *id.* ¶¶ 4, 14, and owned by Defendant Terrence William Mann Trustee of the Terrence William Mann Trust and Trustee of the Mann Family Trust 3-13-04. *Id.* ¶ 6. Plaintiff drove to The Dank House but had difficulty parking and entering the business because there was no accessible parking space or signage for such a space and the accessible path of travel to the business contained numerous obstacles, including a mechanism for operating the front door that was very difficult to use. *Id.* ¶ 14. As a result, Plaintiff suffered discomfort and embarrassment. *Id.* ¶ 18.

## II. Procedural Background

On April 3, 2019, Plaintiff filed a Complaint alleging eight causes of action including, as relevant here, for violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, and violation of the Unruh Civil Rights Act ("Unruh Act"), Cal. Civ. Code § 51. *See* ECF No. 3. Following Defendant Mann's failure to respond to the Complaint, Plaintiff filed a request for entry of clerk default, *see* ECF No. 5, which the clerk entered on June 10, 2019. *See* ECF No. 5. Plaintiff voluntarily dismissed his claims against The Dank House on June 27, 2019. *See* ECF No. 6.

On June 28, 2019, Plaintiff filed motion for default judgment. *See* ECF No. 7. On February 24, 2020, this Court vacated the Clerk's June 10, 2019 Entry of Default and denied without prejudice Plaintiff's Motion because Plaintiff had sought entry of default prematurely. *See* ECF No. 9. Because Defendant Mann's deadline to respond to the

Complaint had since expired, the Court directed the Clerk to enter default as to Defendant Mann and invited Plaintiff to renew his motion for default judgment in accordance with this District's Civil Local Rules. *Id.*

Plaintiff filed this instant Motion on March 3, 2020, renewing his request for entry of default judgment against Defendant Mann. *See generally* Mot. Plaintiff seeks injunctive relief compelling Defendant to comply with the ADA and the Unruh Act, actual damages in the amount of $4,000, statutory treble damages of $12,000, and attorney's fees and costs. *See id.* at 9–10.

## LEGAL STANDARD

Federal Rule of Civil Procedure 55 permits a court to enter default judgment upon a party's application. Although default judgments are ordinarily disfavored, a court may grant or deny a motion for default judgment at its discretion. *See Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988) (citing *Haw. Carpenters' Tr. Funds v. Stone*, 794 F.2d 508, 511–12 (9th Cir. 1986); *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980)).

The Ninth Circuit has set out seven factors, known as the *Eitel* factors, that a court may consider when exercising its discretion as to whether or not to grant default judgment:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel*, 782 F.2d at 1471–72.

When weighing these factors, the well-pleaded factual allegations of the complaint are taken as true, except for those allegations relating to damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987); *see also* Fed. R. Civ. P. 8(b)(6). To prove damages, a plaintiff may submit declarations, or the Court may hold an evidentiary hearing. *See Affinity Grp., Inc. v. Balser Wealth Mgmt., LLC*, No. 05CV1555 WQH (LSP),

2007 WL 1111239, at *1 (S.D. Cal. Apr. 10, 2007); *see also Taylor Made Golf Co. v. Carsten Sports*, 175 F.R.D. 658, 661 (S.D. Cal. 1997) ("In assessing damages, the court must review facts of record, requesting more information if necessary, to establish the amount to which plaintiff is lawfully entitled upon judgment by default.").

## ANALYSIS

### I. Jurisdiction

#### A. *Subject-Matter Jurisdiction*

To enter default judgment, the Court must first determine that it has subject-matter jurisdiction. *See Twitch Interactive, Inc. v. Johnston*, No. 16-cv-03404-BLF, 2019 WL 3387977, at *3 (N.D. Cal. July 26, 2019). Here, the Court has subject-matter jurisdiction for the Plaintiff's ADA claim pursuant to 28 U.S.C. § 1331 and has supplemental jurisdiction over Plaintiff's Unruh Act claim pursuant to 28 U.S.C. § 1367(a).

#### B. *Personal Jurisdiction*

The Court must also have personal jurisdiction over the defendant, or else entry of default judgment is void. *Veeck v. Commodity Enters., Inc.*, 487 F.2d 423, 426 (9th Cir. 1973). For the reasons discussed below, the Court finds that it may exercise personal jurisdiction over Defendant Mann.

##### 1. *Service of Process*

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). The burden is on the plaintiff to show that personal jurisdiction exists. *Cubbage v. Merchant*, 744 F.2d 665, 667 (9th Cir. 1984).

Here, Plaintiff served Defendant Mann through substituted service by leaving a copy of the summons and complaint at 1181 Greenfield Drive, El Cajon, California 92021, on May 13, 2019, and mailing a copy of the summons and complaint by First-Class Mail to Defendant Mann at the same address on May 14, 2019. *See generally* ECF No. 3. Under California law, "[s]ervice of a summons in this manner is deemed complete on the 10th day after the mailing," *see* Cal. Civ. Proc. Code § 415.20(a), in this case, May 24, 2019.

The Court concludes that service was proper pursuant to Federal Rule of Civil Procedure 4(h)(1)(B) and California Code of Civil Procedure § 415.20.

### 2. Personal Jurisdiction

"A Court's power to exercise jurisdiction over a party is limited by both statutory and constitutional considerations." *In re Packaged Seafood Prod. Antitrust Litig.*, 338 F. Supp. 3d 1118, 1135 (S.D. Cal. 2018). "California's long-arm statute allows the exercise of personal jurisdiction to the full extent permissible under the U.S. Constitution." *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014). Here, Defendant owns the real property at 1238 Orzo Street, El Cajon, California, and is doing business as The Dank House under the laws of the State of California. The Court therefore concludes that it has personal jurisdiction over the defendant. *See, e.g.*, *Johnson v. Oakwood Center LLC*, No. 19-cv-01582-VKD, 2019 WL 7209040, at *3 (N.D. Cal. Dec. 27, 2019) (finding personal jurisdiction over Title III ADA claim where defendant was a California Limited Liability Company that owned the subject property, which was located in California).

## II. Entry of Default Judgment

Having determined the Court has jurisdiction, the Court now turns to the merits of Plaintiff's Motion, addressing each of the *Eitel* factors in turn.

### A. Factor I: Prejudice to the Plaintiff

The first factor weighs in favor of entering default judgment. Plaintiff asserts that he suffers discrimination as a result of Defendant's noncompliance with the ADA and the Unruh Act. *See* Compl. ¶ 28. Defendant has failed to appear or otherwise participate in this action. Absent default judgment, Plaintiff likely will be without recourse. See *Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998, 1007 (C.D. Cal. 2014) (granting default judgment because defendant's "unwillingness to cooperate and defend" left ADA plaintiff without other opportunities for recourse). The resultant prejudice to Plaintiff favors default judgment. *See Moroccanoil, Inc. v. Allstate Beauty Prods., Inc.*, 847 F. Supp. 2d 1197, 1200–01 (C.D. Cal. 2012) ("[A plaintiff] will generally be prejudiced if a court declines to

///

grant default judgment where, as here, it lacks other recourse to recover damages for its injury or means to prevent [the defendant] from causing it further harm.").

### B.     Factors II and III: Merits of the Claims and Sufficiency of the Complaint

To warrant entering a default judgment, the complaint's allegations must be sufficient to state a claim upon which relief can be granted. *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978). A complaint satisfies this standard when the claims "cross the line from the conceivable to plausible." *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). A default concedes the truth of the allegations in the complaint, except those relating to damages. *TeleVideo*, 826 F.2d at 917–18 (quoting *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1997)); *Taylor Made*, 175 F.R.D. at 661 (noting that "[i]n assessing liability, the complaint's allegations are taken as true" because "a defendant's default functions as an admission of the plaintiff's well-pleaded allegations of fact"). Here, Plaintiff sufficiently pleads causes of action for violations of the ADA and the Unruh Act.

#### 1.     ADA Claim

Title III of the ADA prohibits discrimination by places of public accommodation. *Vogel*, 992 F. Supp. 2d at 1007. "To prevail on a Title III discrimination claim, the plaintiff must show that (1) [he] is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of [his] disability." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007). Where, as here, the plaintiff seeks to establish discrimination based on an architectural barrier, "the plaintiff must also prove that: "(1) the existing facility at the defendant's place of business presents an architectural barrier prohibited under the ADA, and (2) the removal of the barrier is readily achievable." *Parr v. L & L Drive-Inn Restaurant*, 96 F. Supp. 2d 1065, 1085 (D. Haw. 2000).

The ADA defines a disability as "a physical or mental impairment that substantially limits one or more major life activities." 42 U.S.C. § 12102(1)(A). Walking is considered

a "major life activit[y]." 42 U.S.C. § 12102(2)(A). Plaintiff has a mobility impairment and uses a wheelchair, Compl. ¶ 12, and is therefore disabled within the meaning of the ADA. *See, e.g.*, *Vogel*, 992 F. Supp. 2d at 1009 (finding the plaintiff "disabled within the meaning of the ADA" where the plaintiff alleged that he was a paraplegic and that he was unable to walk).

Further, Plaintiff has alleged that The Dank House is a private entity that constitutes a place of public accommodation. *See id.* ¶¶ 2–3. Plaintiff asserts that Defendant is the owner of the real property where The Dank House is located. *See id.* ¶ 6. Plaintiff also asserts that The Dank House "offers marijuana products and other retail products, including[,] but not limited to, pipes, rollers, containers, cleaners, batteries, and trays for sale to the public and is a place of public accommodation." *Id.* ¶ 5. This element is therefore satisfied.

Finally, Plaintiff alleges he was denied access to The Dank House due to ADA-prohibited architectural barriers, including, but not limited to, "lack of [an] accessible parking space, lack of signage for said space, lack of accessible path of travel to the business entrance, and lack of an accessible entrance door." *Id.* ¶ 13. Plaintiff further alleges that the removal of these architectural barriers is readily achievable. *Id.* ¶ 18.

Taking the allegations in the Complaint as true, as the Court must in reviewing Plaintiff's Motion, *see TeleVideo*, 826 F.2d at 917–18, Plaintiff has established a prima facie claim under Title III of the ADA. *See, e.g.*, *Johnson v. Hall*, No. 2:11-cv-2817-GEB-JFM, 2012 WL 1604715, at *3 (E.D. Cal. May 7, 2012) (finding sufficient a Title III discrimination claim where the disabled plaintiff alleged that he had been denied access to the defendant's place of public accommodation because of readily removable architectural barriers, including a lack of van-accessible parking, a lack of accessibility signage, and a lack of an accessible entrance).

    2.    *Unruh Claim*

The Unruh Act states that "[a]ll persons within the jurisdiction of this state are free and equal, and no matter what their . . . disability . . . are entitled to the full and equal

accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." Cal. Civ. Code § 51(b). A violation of the ADA is also necessarily a violation of the Unruh Act. Cal. Civ. Code § 51(f); *Vogel*, 992 F. Supp. 2d at 1011. Plaintiff sufficiently has alleged an ADA claim, *see supra* Section II.B.1, so he also sufficiently has alleged an Unruh claim.

In light of the foregoing, *Eitel* factors two and three weigh in favor of entry of default judgment.

### C.     Factor IV: Sum of Money at Stake

Under this factor, the Court considers whether the damages sought are proportional to the alleged harm. *Landstar Ranger, Inc. v. Parth Enter., Inc.*, 725 F. Supp. 2d 916, 921 (N.D. Cal. 2010). Here, Plaintiff seeks to recover a total of $20,632.90, comprising $4,000 for actual damages, $12,000 for statutory treble damages, and $4,632.90 in attorneys' fees and costs. *See* Mot. at 9–10. As discussed below, *see infra* Section III.B, the Court declines to award treble damages to Plaintiff; consequently, the sum of money at stake in this action is $8,632.90, in addition to any costs associated with implementing the requested injunctive relief.

"Courts frequently grant default judgment in Unruh Act and ADA cases and impose similar financial liabilities on the defendant." *See Vogel*, 992 F. Supp. 2d at 1012 (finding $13,739.20 in statutory damages, attorneys' fees, and costs "neither too large nor too unreasonable" given defendant's failure to appear and failure to comply with the ADA and Unruh Act); *see also*, *e.g.*, *Moore v. Cisneros*, No. 1:12-cv-00188-LJO-SKO, 2012 WL 6523017, at *4 (E.D. Cal. Dec. 13, 2012) (finding default judgment of $10,119.70 "[not] unreasonable in light of the allegations in the complaint"); *Johnson v. Huynh*, No. CIV S-08-1189 JAM DAD, 2009 WL 2777021, at *2 (E.D. Cal. Aug. 27, 2009) (finding default judgment of $12,000 "a relatively small award of damages"). This factor therefore weighs in favor of granting default judgment.

///

///

### D. Factor V: Possibility of Factual Dispute

This factor turns on the degree of possibility that a dispute concerning material facts exists or may later arise. *Eitel*, 782 F.2d at 1471–72. Here, Plaintiff's allegations must be taken as true because of the default, *see TeleVideo*, 826 F.2d at 917–18, and therefore any purported factual dispute appears settled, as there is no indication that Defendant Mann will defend against this action. Accordingly, this factor favors default.

### E. Factor VI: Reason for Default

If a defendant's default may have been the product of excusable neglect, this factor weighs against granting default judgment. *Eitel*, 782 F.2d at 1471–72. Here, there is no evidence of excusable neglect. Thus, this factor weighs in favor of default.

### F. Factor VII: Policy Favoring Merits Decisions

Although this factor, by its nature, generally weighs against default judgment because it encourages merits decisions, "[t]he fact that Rule 55(b) has been enacted . . . indicates that 'this preference, standing alone, is not dispositive.'" *Landstar Ranger*, 725 F. Supp. 2d at 922 (citing *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177 (quoting *Kloepping v. Fireman's Fund*, No. 94-2684, 1996 WL 75314, at *3 (N.D. Cal. 1996))). In the present case, there is no indication that a merits decision is practicable as Defendant has yet to answer Plaintiff's Complaint. *See PepsiCo, Inc.*, 238 F. Supp. 2d at 1177 ("Defendant's failure to answer Plaintiff's Complaint makes a decision on the merits impractical, if not impossible."). The Court therefore concludes that the timely administration of justice outweighs the strong preference for merits decisions in this case. This factor therefore weighs in favor of default judgment.

Based on the above, the Court finds that all the *Eitel* factors weigh in favor of default judgment in this case. Accordingly, the Court **GRANTS** Plaintiff's Motion.

## III. Relief Sought

"Under Rule 8(a)(3), plaintiff's demand for relief must be specific, and it must prove up the amount of damages." *Landstar Ranger*, 725 F. Supp. 2d at 923 (internal citations omitted). Additionally, "Rule 54(c) 'allows only the amount prayed for in the complaint

to be awarded to the plaintiff in default.'" *Id.* (quoting *Fong v. United States*, 300 F.2d 400, 413 (9th Cir. 1962)). Here, Plaintiff prayed for injunctive relief, statutory damages, and attorneys' fees and costs, Compl. at Prayer, which is the same relief that Plaintiff seeks through his Motion. *See* Mot. at 11.

### A.  *Injunctive Relief*

Plaintiff seeks injunctive relief compelling Defendant to comply with the ADA and the Unruh Act. Compl. at Prayer ¶ 1. "Injunctive relief is proper when architectural barriers at defendant's establishment violate the ADA and the removal of the barriers is readily achievable." *Vogel*, 992 F. Supp. 2d at 1015.

As discussed above, Plaintiff has sufficiently alleged discrimination due to architectural barriers at Defendant's facility in violation of the ADA and the Unruh Act. In support of his claims, Plaintiff provides a declaration attesting to his disability and his experience at The Dank House on April 1, 2019. *See generally* ECF 11-2 ("Spikes Decl."). Plaintiff also provides a declaration of his attorney confirming that there was "no designated handicapped parking space with an access aisle" at the subject property when the attorney visited the subject property on or about April 2, 2019. ECF 11-1 ("Bentley Decl.") ¶ 12. Further, Plaintiff's attorney stated that there was nothing that would lead him to believe that "the installation of the accessible parking space and accessible path of travel would not be readily achievable." *Id.*

The Court finds that Plaintiff's evidence supports the factual allegations of his claims. Accordingly, injunctive relief is proper, and the Court shall issue an injunction against Defendant.

### B.  *Statutory Damages*

Plaintiff seeks $12,000 in statutory treble damages and $4,000 in actual damages under the Unruh Act. *See id.* Under the Unruh Act, a plaintiff who has been denied equal access is entitled to "no less than four thousand dollars" for each offense. Cal. Civ. Code § 52(a). The Unruh Act permits the recovery of monetary damages in the form of actual and treble damages or statutory damages of $4,000 per violation. *See Molski v. M.J. Cable*,

*Inc.*, 481 F.3d 724, 730 (9th Cir. 2007) (citing Cal. Civ. Code § 52(a)).  To recover damages, "[Plaintiff] must only show that [he] was denied full access and not that [he was] wholly excluded from enjoying [Defendant's] services." *Hubbard v. Rite Aid Corp.*, 433 F. Supp. 2d 1150, 1170 (S.D. Cal. 2006).  A violation of the ADA is necessarily a violation of the Unruh Act. Cal. Civ. Code § 51(f).  When "[a] plaintiff's complaint properly sets out the necessary elements for his ADA claim, plaintiff has also properly set out the necessary elements for his Unruh Civil Rights Act claim." *Johnson v. Singh*, No. 2:10-cv-2547 KJM JFM, 2011 WL 2709365, at *4 (E.D. Cal. July 11, 2011).

Here, Plaintiff sufficiently has established a claim under the Title III of the ADA and is entitled to statutory damages under the Unruh Act. *See, e.g.*, *Moore*, 2012 WL 6523017, at *5.  Because Defendant has defaulted, however, the record is undeveloped regarding Plaintiff's claim for actual and treble damages.  Further, there is no indication the Plaintiff's injury cannot be redressed with the statutory minimum damages, injunctive relief, and attorney's fees.  Therefore, the Court declines to award statutory treble damages and will award the statutory minimum of $4,000.  *See, e.g.*, *Spikes v. Shockley*, No. 19-CV-523 DMS (JLB), 2019 WL 5578234, at *6 (S.D. Cal. Oct. 28, 2019) (declining to award statutory treble damages and actual damages because "there [was] no indication the Plaintiff's injury would not be adequately redressed with statutory minimum damages, attorney's fees, and injunctive relief").

### C. *Attorneys' Fees and Costs*

Lastly, Plaintiff requests $4,632.90 in attorneys' fees and costs.  *See* Mot. at 10.  Pursuant to both Title III of the ADA and the Unruh Act, a prevailing plaintiff is entitled to attorneys' fees. 42 U.S.C. § 12205; Cal. Civ. Code § 52(a).  Here, Plaintiff requests a total of $4,132.50 in attorneys' fees and $500.40 in costs. *Id.*  The costs include $400 for the case initiation filing fee and $100.40 for service. *Id.*  The Court finds these costs reasonable and will award them.

The attorneys' fees of $4,132.50 are for 14.5 hours billed at Mr. Bentley's hourly rate of $285.  *See* Bentley Decl. Ex. 1, ECF 11-1, at 7–8.  After reviewing the submitted

billing summary, the Court finds both the amount of time expended on the case and Mr. Bentley's hourly rate reasonable given the nature of this case and counsel's experience and expertise. Accordingly, the Court awards Plaintiff $4,132.50 in attorney's fees.

## CONCLUSION

For the reasons stated above, the court **GRANTS** Plaintiff's Motion (ECF No. 11). Accordingly, the Clerk of Court **SHALL ENTER** judgment in favor of Plaintiff and against Defendant Terrence William Mann in the amount of $8,632.90. Further, Defendant **SHALL PROVIDE** van-accessible parking space and access aisle and an accessible path of travel from the parking and public sidewalk to and through the front entrance of the property located at 1238 Oro Street, El Cajon, California 92020, in full compliance with the 2010 Standards for Accessible Design, Appendix "A" to Code of Federal Regulations, Chapter 28, Part 36. The Clerk of Court **SHALL CLOSE** the file.

**IT IS SO ORDERED.**

Dated: September 9, 2020

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge